UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GRAPHIC COMMUNICATIONS LOCAL 612M of the GRAPHIC COMMUNICATIONS CONFERENCE of the INTERNATIONAL BROTHERHOOD OF TEAMSTERS (a/k/a/ GCC/IBT LOCAL 612M) and SANDRO MANCINI,<br><br>Plaintiffs,<br><br>v.<br><br>NEXTWAVE WEB, LLC,<br><br>Defendant. | Civ. No. 2:12-03082 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

  This matter comes before the Court on an unopposed motion to confirm a labor arbitration award ("the Award") issued by the New Jersey State Board of Mediation in case number NJSBM 11-0399. Arbitration Award, ECF No. 8-2. The underlying dispute concerned Defendant Nextwave Web LLC's ("Nextwave") lay-off of Plaintiff Sandro Mancini, a member of the Graphics Communications Local 612M of the Graphic Communications Conference of the International Brotherhood of Teamsters ("GCC"). Mancini and GCC (together "Plaintiffs") ask this Court not only to confirm the Award, but to quantify it, as well. Plaintiffs also seek attorney's fees, costs, and pre-judgment interest. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, the motion is **GRANTED IN PART AND DENIED IN PART**.

  After Mancini was laid off by Nextwave, he and GCC filed a grievance and the dispute proceeded to arbitration. An arbitrator awarded reinstatement for Mancini, along with back-pay and out-of-pocket medical expenses. Before Plaintiffs could confirm the Award in state court, Nextwave removed the action to

this Court, which has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441 and Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. The Court will treat Plaintiffs' unopposed motion to confirm the Award as an unopposed motion for summary judgment. *See New York City Dist. Council of Carpenters v. Gen-Cap Indus., Inc.*, No. 11-8425, 2012 WL 2958265, at *4 (S.D.N.Y. July 20, 2012) ("[A] petition to confirm an arbitration award should be treated as akin to a motion for summary judgment based on the movant's submissions . . . .") (internal quotation and citation omitted).

> The Federal Arbitration Act provides that
>
> at any time within one year after the award is made **any party to the arbitration** may apply . . . for an order confirming the award, and thereupon the court **must** grant such an order unless the award is vacated, modified, or corrected . . . .

9 U.S.C. § 9 (emphasis added). GCC was a party to the arbitration; Mancini, on the other hand, was not. Since Mancini does not allege that GCC breached its duty of fair representation, Mancini lacks standing to confirm the Award. *Bryant v. Bell Atlantic Maryland, Inc.*, 288 F.3d 124, 131 (4th Cir. 2002). Accordingly, the Court will **DENY** Mancini's motion **WITH PREJUDICE**.

The Court's review of GCC's award is "exceedingly narrow." *Eichleay Corp. v. Int'l Ass'n of Bridge, Structural, & Ornamental Iron Workers*, 944 F.2d 1047, 1056 (3d Cir. 1991). *Vacatur* is proper only if an arbitrator exceeds his authority or manifestly disregards the law. *Major League Umpires Ass'n v. Am. League of Prof'l Baseball Clubs*, 357 F.3d 272, 279–80 (3d Cir. 2004). Here, the arbitrator did neither. GCC and Nextwave entered into a collective-bargaining agreement (the "CBA") that requires certain jobs to be performed by union employees. CBA § 20, ECF No. 8-2. In a prior dispute between GCC and Nextwave, a different arbitrator concluded that only union employees could use a particular commercial Xerox copier. Gorte Award, ECF. No. 8-2. In this case, GCC offered evidence that Nextwave was allowing a non-union employee to operate that same copier. Treating the earlier award as controlling, the arbitrator, Gerald Restaino, reasoned that Nextwave could not fire Mancini due to a lack of work when it had union work to offer him. Even if this conclusion was incorrect, it was certainly not sufficiently off-base to warrant *vacatur*.

Normally, the inquiry would end at this point and the Court would grant the motion to confirm. But this case is different because the arbitrator failed to

quantify his Award. Accordingly, the Court must decide whether it can "fill in the blank" or whether it must remand the case to the arbitrator. The Court finds that remand is unnecessary. GCC's Award provides for "back-pay from the date of [Mancini's] layoff to the date of this Arbitration Award" and "out-of-pocket medical expenses." Arbitration Award, ECF No. 8-2. Plaintiffs have submitted a certification—signed by Mancini and unchallenged by Nextwave—quantifying both amounts: Mancini lost $28,298.20 in pay and $2,938.00 in out-of-pocket medical expenses. As GCC's motion is unopposed, these numbers are not disputed. Accordingly, the Court will look to the unchallenged certification and enter judgment in the amount of $31,236.20 plus any fees, costs, and interest it deems appropriate. *See Teamsters, Chauffeurs, Salesdrivers & Helpers, Local Union No. 330 v. Elgin Eby-Brown Co.*, 670 F. Supp. 1393, 1396 (N.D. Ill. 1987) (confirming unquantified arbitral award for "back-pay" and entering judgment based on unchallenged evidence in the record).

The Court holds that GCC is entitled to attorney's fees and costs. Nextwave's refusal to respect the arbitration award was "without justification." *Local Union No. 825, 825A, 825B, 825C, 825D, 825R, 825RH, Intern. Union of Operating Engineers, AFL-CIO v. Key Contracting, LLC*, No. 5-3269, 2006 WL 1540997, at *6 (D.N.J. May 30, 2006). As in *Key Contracting*, Nextwave "(1) refused to abide by the arbitration award; (2) failed to act promptly (or in any way) to vacate the award; (3) failed to appear or defend in this action; and (4) failed to otherwise raise any substantial legal issue. *Id.* (citing *Mobil Oil Corp. v. Independent Oil Workers Union*, 679 F.2d 299, 205 (3d Cir. 1982)). Accordingly, the Court will provide GCC with 30 days in which to submit a fee application pursuant to Local Rule 54.2.

Finally, GCC is entitled to pre-judgment interest on the Award. Courts typically have discretion to award pre-judgment interest in labor law cases where breach of contract damages are "ascertainable with mathematical precision." *Key Contracting*, 2006 WL 1540997, at *6. Interest runs from the date of the Award, February 7, 2012. *See Sun Ship, Inc. v. Matson Navigation, Co.*, 785 F.2d 59, 63 (3d Cir. 1986). The Court will look to 28 U.S.C. § 1961 in determining an appropriate interest rate. *See id.* Accordingly, along with their fee application, Plaintiffs shall apprise the Court of the "weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding" February 7, 2012.

Accordingly, the Court will **DENY** Plaintiff Sandro Mancini's motion on standing grounds. The Court will **GRANT** Plaintiff GCC's motion to confirm the

Award in the amount of $31,236.20 plus fees, costs, and pre-judgment interest. The Court will provide GCC with 30 days in which to file a motion for fees in accordance with Local Rule 54.2.  An appropriate order follows.

                                                    /s/ William J. Martini  
                                      **WILLIAM J. MARTINI, U.S.D.J.**

**Date: October 25, 2012**